OPINION
{¶ 1} Upon granting appellant's motion to reconsider, this court is asked to consider whether the indictment, and the trial court's jury instructions, in this case defining "physical harm" robbery in violation of R.C. 2911.02(A) (2), and "force" robbery in violation of R.C. 2911.02(A)(3) are deficient. Appellant argues that his indictment, and the instructions to the jury violated State v. Colon[1], ["ColonI"] because neither specified the mens rea element of "recklessness" as required by the Ohio Supreme Court. Appellant further argues that because it is impossible to know whether the jury found him guilty of felony murder based upon the invalid charge, his conviction for felony murder also must be reversed.
 {¶ 2} In State v. Gray, Richland App. No. 2007-CA-0064, 2008-Ohio-6345
["Gray I"], we affirmed the appellant's convictions on one count of murder, one count of felonious assault, one count of "physical harm" robbery, and one count of "force" robbery[2]. The facts of this case were thoroughly discussed in Gray I however, we provide the following summation.
 {¶ 3} The evidence at trial established that appellant punched the victim, James Malone, two times in the head. The victim fell backwards, hitting his head on the pavement. Mr. Malone died as a result of his injuries. A doctor testified that Mr. Malone died as a result of blunt force trauma to his head, and the injuries to the victim's brain were consistent with the victim being punched very hard in the head area, and then falling backward and cracking his skull on the pavement. Appellant was indicted by the Richland County Grand Jury on one count of aggravated robbery, one count of robbery *Page 3 
alleging that he caused physical harm to James Malone while committing a theft offense, one count of robbery alleging that he used force against Amber Kanz while attempting to commit a theft offense, one count of felonious assault, and one count of felony murder.
 {¶ 4} The jury found appellant guilty of the physical harm robbery of James Malone, the force robbery of Amber Kanz, the felonious assault of James Malone, and the murder of James Malone. He was acquitted on the charge of aggravated robbery. The trial court sentenced appellant to seventeen years to life. We affirmed. Grey I, supra.
 {¶ 5} On September 8, 2008, this Court granted appellant's motion to reconsider our decision in light of the Ohio Supreme Court decision inColon I that was announced on April 9, 2008, and the subsequent decision in State v. Colon, 119 Ohio St.3d 204, 893 N.E.2d 169, 2008-Ohio-3749
(Colon II). In our Judgment Entry granting appellant's motion, we noted that appellant's case had been pending at the time the Supreme Court announced its decision in Colon I.
 {¶ 6} On reconsideration, appellant raises the following assignment of error:
 {¶ 7} "I. APPELLANT'S CONVICTIONS HEREIN ARE BASED ON A DEFECTIVE INDICTMENT WHICH OMITTED CULPABLE MENTAL STATES FOR THREE ROBBERY CHARGES, CREATING ERROR PERMEATING THE ENTIRE PROCEEDING, UNDERMINING THE RELIABILITY OF THE FELONY MURDER CHARGE THUS DENYING APPELLANT A FAIR TRIAL AND DUE PROCESS OF LAW UNDER THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE *Page 4 
U.S. CONSTITUTION AND UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 I. {¶ 8} Appellant argues in his sole assignment of error that the indictment in this case failed to charge all the essential elements of the offense of robbery and resulted in a lack of notice to him of themens rea required to commit the offenses. He further contends that this defect permeated the entire criminal proceeding. Accordingly appellant maintains that he did not receive a constitutional indictment or trial, and therefore the defective indictment in this case resulted in structural error. He further argues that because it is impossible to know whether the jury found him guilty of felony murder based upon the invalid robbery charge, his conviction for felony murder also must be reversed. We disagree.
 {¶ 9} Colon I, supra, concerned an indictment for robbery in violation of R.C. 2911.02(A) (2), which provides:
 {¶ 10} "No person, in attempting or committing a theft offense * * * shall do any of the following: * * *
 {¶ 11} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm."
 {¶ 12} The Colon I court held:
 {¶ 13} R.C. 2911.02(A) (2) does not specify a particular degree of culpability for the act of `inflict[ing], attempting] to inflict, or threaten [ing] to inflict physical harm,' nor does the statute plainly indicate that strict liability is the mental standard. As a result, [pursuant to R.C. 2901.21(B),] the state was required to prove, beyond a reasonable *Page 5 
doubt, that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm. Colon, 2008-Ohio-1624, ¶ 14,118 Ohio St. 3d 26, 885 N.E.2d 917.
 {¶ 14} In the case at bar, appellant was indicted for aggravated robbery in violation of R.C. 2911.02(A) (3), which provides, in relevant part:
 {¶ 15} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 16} "* * *
 {¶ 17} "(3) Inflict, or attempt to inflict, serious physical harm on another".
 {¶ 18} This statute, which bears close resemblance to the "physical harm" robbery statute, has been interpreted to require the culpable mental state of recklessness as well. State v. Hardges, Summit App. No. 24175, 2008-Ohio-5567 at ¶ 10.
 {¶ 19} Appellant was also indicted for "physical harm" robbery in violation of R.C. R.C. 2911.02(A) (2) the same statute at issue inColon I, and "force" robbery in violation of R.C. 2911.02(A) (3) which provides in relevant part:
 {¶ 20} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 21} "* * *
 {¶ 22} "(3) Use or threaten the immediate use of force against another". *Page 6 
 {¶ 23} We find this section of the robbery statute, also bears close resemblance to the "physical harm" robbery statute. Accordingly we conclude that, it also requires the culpable mental state of recklessness.
 {¶ 24} As this Court noted in State v. Vance, Ashland App. No. 2007-COA-035, 2008-Ohio-4763, the Supreme Court reconsidered ColonI in State v. Colon ("Colon II"), 119 Ohio St.3d 204, 893 N.E.2d 169,2008-Ohio-3749. In Colon II, the Court held:
 {¶ 25} "Applying structural-error analysis to a defective indictment is appropriate only in rare cases, such as Colon I, in which multiple errors at the trial follow the defective indictment. In Colon I, the error in the indictment led to errors that `permeate[d] the trial from beginning to end and put into question the reliability of the trial court in serving its function as a vehicle for determination of guilt or innocence.' Id. at ¶ 23, 885 N.E.2d 917, citing State v. Perry,101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 17. Seldom will a defective indictment have this effect, and therefore, in most defective indictment cases, the court may analyze the error pursuant to Crim. R. 52(B) plain-error analysis." Id. at ¶ 8, 802 N.E.2d 643. The Court noted the multiple errors that occurred in Colon I:
 {¶ 26} "As we stated in Colon I, the defect in the defendant's indictment was not the only error that had occurred: the defective indictment resulted in several other violations of the defendant's rights. 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 29. InColon I, we concluded that there was no evidence to show that the defendant had notice that recklessness was an element of the crime of robbery, nor was there evidence that the state argued that the defendant's conduct was reckless. Id. at ¶ 30, 885 N.E.2d 917. Further, the trial court did not include recklessness as an element *Page 7 
of the crime when it instructed the jury. Id. at ¶ 31, 885 N.E.2d 917. In closing argument, the prosecuting attorney treated robbery as a strict-liability offense. Id. Colon II at ¶ 6." See also,Vance, supra at ¶ 51-53.
 {¶ 27} Since appellant's indictment lacked the necessary mental element of recklessness for aggravated robbery division (A) (3), "physical harm" robbery under R.C. 2911.02(A) (2) and "force" robbery under R.C. 2911.02(A) (3) his indictment was defective. Colon I,2008-Ohio-1624, at ¶ 15, 118 Ohio St.3d 26, 885 N.E.2d 917. Accordingly, appellant may argue this indictment defect for the first time on appeal. Id. at ¶ 45, 885 N.E.2d 917, syllabus
 {¶ 28} Because we have found that Colon I, applies to this case and that appellant's indictment was defective, we must now determine, in light of Colon II, whether a plain-error analysis or structural-error analysis applies.
 {¶ 29} Similar to the defendant in Colon I, the four prongs necessary to establish structural error are met in this case. First, the appellant had no notice that recklessness was an element of aggravated robbery, "physical harm" robbery or "force" robbery.
 {¶ 30} Aside from the fact the indictment failed to mention recklessness, it does not appear that a bill of particulars was requested or provided. Second, there was no evidence that the State argued that appellant's conduct was reckless. In fact, the prosecution never mentioned recklessness in either its opening or closing statements to the jury. Third, the trial court did not include in its instructions to the jury recklessness as an element of the offense. Fourth, the prosecutor in his closing argument treated the robbery offenses as strict liability offenses. (4T. at 1066-1067; 1069-1075). *Page 8 
 {¶ 31} Accordingly, this Court finds that all four Colon prongs are met in this case. Since all four Colon prongs are met, this Court must follow the Supreme Court's direction and conclude that the defective indictment so permeated appellant's trial such that the trial court did not reliably function as a vehicle for determination of guilt or innocence; and therefore, the defective indictment was a structural error. Colon I, 2008-Ohio-1624, at ¶ 44, 118 Ohio St.3d 26,885 N.E.2d 917, citing Perry, 2004-Ohio-297, at ¶ 17, 101 Ohio St.3d 118,802 N.E.2d 643. State v. Alvarez, Defiance App. No. 4-08-02, 2008-Ohio-5189
at ¶ 22; State v. Ginley, Cuyahoga App. No. 90724, 2008-Ohio-30
at ¶ 36; State v. Glover, Franklin App. No. 07-AP-832, 2008-Ohio-4255
at ¶ 20.
 {¶ 32} In sum, for the reasons set forth above, we therefore conclude that Colon I, as reconsidered in Colon II, requires reversal of appellant's conviction for the offenses of "physical harm" robbery and "force" robbery[3]
 {¶ 33} We do not agree, however, with the appellant's contention that the Colon errors concerning the robbery charges require reversal of appellant's felony murder conviction.
 {¶ 34} Recently, in Hedgpeth v. Pulido (2008), U.S., 129 S.Ct. 530, the
United States Supreme Court reviewed whether instructing a jury on multiple theories of guilt, one of which is invalid, is a structural error requiring reversal without regard to whether the flaw in the instructions prejudiced the defendant. In Hedgpeth the defendant was convicted by a California jury of felony murder. On direct appeal, the defendant sought to vacate his conviction on the ground that the jury instructions were erroneous: They permitted the jury to find him guilty of felony murder if he formed the intent to aid and abet the underlying felony before the murder, but they also permitted *Page 9 
the jury to find him guilty if he formed that intent only after the murder. The California Supreme Court agreed with the defendant that the latter theory was invalid under California law, but upheld the conviction on the ground that he was not prejudiced by the error.People v. Pulido, 15 Cal.4th 713, 727, 63 Cal.Rptr.2d 625,936 P.2d 1235, 1243-1244 (1997). The defendant sought federal habeas relief which the District Court granted after concluding that instructing the jury on the invalid theory had a "`substantial and injurious effect or influence in determining the jury's verdict.`"Pulido v. Lamarque, No. C 99-4933 CW (PR), 2005 WL 6142229 (N.D.Cal., Mar. 24, 2005), App. to Pet. for Cert. 65a-66a (quoting Brecht, supra, at 637, 113 S.Ct. 1710). The State appealed and the Court of Appeals affirmed. Pulido v. Chrones,487 F.3d 669 (2007) (per curiam). Because the instructions "le[ft] open the possibility" that the jury convicted [the defendant] on the impermissible ground, the court concluded that the verdict must be reversed. 487 F.3d, at 676. Hedgpeth, supra, 129 S. Ct. at 531. The Supreme Court granted certiorari. 552 U.S. ___, 128 S.Ct. 1444,170 L.Ed.2d 274 (2008).
 {¶ 35} The court in Hedgpeth first noted the general rule that "[a] conviction based on a general verdict is subject to challenge if the jury was instructed on alternative theories of guilt and may have relied on an invalid one. See Stromberg v. California, 283 U.S. 359,51 S.Ct. 532, 75 L.Ed. 1117 (1931); Yates v. United States, 354 U.S. 298,77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957)." However, the court explained that both Stromberg and Yates were decided before the Court "concluded inChapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), that constitutional errors can be harmless. Accordingly, neitherStromberg nor Yates had reason to address whether the instructional errors they identified could be reviewed for harmlessness, or *Page 10 
instead required automatic reversal. In a series ofpost-Chapman cases, however, we concluded that various forms of instructional error are not structural but instead trial errors subject to harmless-error review. See, e.g., Neder v. United States, 527 U.S. 1,119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (omission of an element of an offense); California v. Roy, 519 U.S. 2, 117 S.Ct. 337, 136 L.Ed.2d 266
(1996) (per curiam) (erroneous aider and abettor instruction); Pope v.Illinois, 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987) (misstatement of an element of an offense); Rose v. Clark, 478 U.S. 570,106 S.Ct. 3101, 92 L.Ed.2d 460 (1986) (erroneous burden-shifting as to an element of an offense)". Hedgpeth, supra U.S., 129 S.Ct. at 532.
 {¶ 36} The court in Hedgpeth further noted, "Neder makes clear that harmless-error analysis applies to instructional errors so long as the error at issue does not categorically "`vitiat[e] all the jury's findings.' "527 U.S., at 11, 119 S.Ct. 1827 (quoting Sullivan v.Louisiana, 508 U.S. 275, 281, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (erroneous reasonable-doubt instructions constitute structural error)). An instructional error arising in the context of multiple theories of guilt no more vitiates all the jury's findings than does omission or misstatement of an element of the offense when only one theory is submitted." Id. The Court concluded that instructing a jury on multiple theories of guilt, one of which is invalid, is not a structural error requiring that a conviction based on a general verdict be set aside on collateral review without regard to whether the flaw in the instructions prejudiced the defendant, but is subject to harmless error review.
 {¶ 37} Recently, the Ohio Supreme Court likewise concluded, that a trial court's error in failing to instruct jury on culpable mental state for criminal trespass, as an *Page 11 
element of aggravated burglary, and also on all the elements required to establish the underlying offense of assault, did not rise to level of structural error requiring an automatic reversal because the error did not necessarily render the trial so fundamentally unfair that it could not be a reliable vehicle for the determination of the defendant's guilt or innocence. State v. Wamsley, 117 Ohio St.3d 388, 884 N.E.2d 45,2008-Ohio-1195. The court in Wamsley, noted that because counsel did not object to the trial court's failure with regard to jury instructions at trial, the error should be reviewed under the plain error standard of Crim R. 52(B). Id. at ¶ 25.
 {¶ 38} We note in the case at bar, appellant did not object to the trial court's failure with regard to jury instructions at trial. After reviewing the record, we conclude that the instructions in this case did not necessarily render the trial so fundamentally unfair that it could not be a reliable vehicle for the determination of the defendant's guilt or innocence. See Rose v. Clark, 478 U.S. at 577-578, 106 S.Ct. 3101,92 L.Ed.2d 460. Thus, this case does not present a violation of a fundamental constitutional right that would lead to the kind of basic unfairness amounting to structural error. State v. Wamsley, supra, at ¶ 24. As structural error is not present in this case, this Court may analyze the error in this case pursuant to the Crim. R. 52(B) plain-error analysis. Hedgpeth v. Pulido, supra; State v. Wamsley, supra.
 {¶ 39} Crim. R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. In *Page 12 
order to find plain error under Crim. R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus. The defendant bears the burden of demonstrating that a plain error affected his substantial rights. United States v. Olano (1993), 507 U.S. at 725,734,113 S.Ct. 1770; State v. Perry (2004), 101 Ohio St.3d 118, 120 802 N.E.2d 643,646. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error and should correct it only to `prevent a manifest miscarriage of justice.' "State v. Barnes (2002),94 Ohio St.3d 21, 27, 759 N.E.2d 1240, quoting State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.Perry, supra, at 118, 802 N.E.2d at 646.
 {¶ 40} There is nothing in the record to show that the appellant was prejudiced by the trial court's jury instructions. The jury unanimously found appellant guilty of felonious assault. As we noted in Gray I:
 {¶ 41} "Appellant was also convicted of felony murder as defined in R.C. 2903.02(B), which provides in pertinent part:
 {¶ 42} "(B) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree. . . ."
 {¶ 43} "Felonious assault, as well as robbery, was the underlying offense of violence." Gray I, supra, 2008-Ohio-6345 at ¶ 76.
 {¶ 44} Neither the felonious assault nor the felony murder instructions were improper, because the alternatives, "physical harm" robbery and felonious assault were *Page 13 
given to the jury disjunctively. State v. Nields (2001),93 Ohio St.3d 6, 30, 752 N.E.2d 859; State v. Cook (1992), 65 Ohio St.3d 516, 527,605 N.E.2d 70.
 {¶ 45} In the case at bar, appellant knowingly caused serious physical harm to the victim that proximately resulted in the victim's death, and thus supported appellant's conviction for murder. There was evidence that appellant punched Malone two times in the head, that appellant knocked Malone out, that Malone fell backwards as a result, that Malone hit his head on the pavement as a result of his unconscious fall, and that the injury suffered when Malone's head struck the pavement caused Malone's death. Gray I, supra, 2008-Ohio-6345 at ¶ 84-91. Thus, the outcome of appellant's case would not have been different had the instructions concerning the robbery offenses been worded differently. See, State v. McKnight, 107 Ohio St.3d 101, 837 N.E.2d 315,2005-Ohio-6046 at ¶ 226.
 {¶ 46} The facts presented in this case enabled the trier of fact to conclude beyond a reasonable doubt that appellant was guilty of the offense of felony murder based upon the commission of felonious assault. We find any error in the jury instructions concerning the felony murder count was harmless beyond a reasonable doubt.
 {¶ 47} Appellant's sole assignment of error is sustained in part, and overruled in part. *Page 14 
 {¶ 48} Accordingly, the judgment of the Court of Common Pleas, Richland County, Ohio is affirmed in part and reversed in part and this case is remanded for further proceedings consistent with this opinion.
 Gwin, P.J., Wise, J., and Delaney, J., concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Richland County, Ohio is affirmed in part, and reversed in part and remanded for further proceedings consistent with this opinion. Costs to appellee.
[1] 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917.
[2] The force robbery alleged that appellant used force against a separate victim, Amber Kanz.
[3] We note that the jury found appellant not guilty of aggravated robbery. *Page 1