[Cite as *State v. Gray*, 2011-Ohio-4570.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-0089 |
| MARION E. GRAY, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Richland County Court of Common Pleas, Case No. 2007CR0560D

JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT ENTRY:      September 9, 2011

APPEARANCES:

For Plaintiff-Appellee

JAMES J. MAYER, JR.
Richland County Prosecutor
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

JEFFEREY R. STIFFLER
DAVID C. BADNELL CO., L.P.A.
21 North Walnut Street
Mansfield, OH 44902

*Gwin, P.J.*

{¶1} Defendant-appellant Marion Gray, Jr. appeals from the June 14, 2010 second re-sentencing order entered by the Richland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} Appellant was originally convicted after a jury trial on one count of murder, one count of felonious assault, one count of "physical harm" robbery, and one count of "force" robbery. This court affirmed appellant's convictions on July 16, 2008. See *State v. Gray,* 5th Dist. No.2007-CA-64, 2008-Ohio-6345. Thereafter, counsel for appellant filed a motion for reconsideration in light of the decision in *State v. Colon ("Colon II* "), 119 Ohio St.3d 204, 893 N.E.2d 169, 2008–Ohio–3749. This Court granted appellant's motion on September 8, 2008, and reopened appellant's direct appeal. On February 4, 2009, this court reversed appellant's convictions for the robberies of Amber Kanz and James Malone, and remanded the case to the trial court for further proceedings. *State v. Gray,* 5th Dist. No.2007-CA-64, 2009-Ohio-455.

{¶3} On March 16, 2009 the trial court filed a "Statement of Fact Restitution" setting the amount of restitution for the victim, James Malone's funeral expenses at $9,281.25 based upon records from the Richland County Prosecutor's Office and Victim Impact Statement.

{¶4} Subsequent to this court's remand, the trial court resentenced appellant on the remaining felony murder and felonious assault charges. On March 12, 2010 this Court found under the facts of this case that the commission of felonious assault in this case, as defined in R.C. 2903.11(A)(1) is an allied offense of murder, as defined in R.C.

2903.02(B). Accordingly, we reversed the judgment of the trial court and in accordance with the Supreme Court's decisions in *State v. Williams*, 124 Ohio St.3d 381, 922 N.E.2d 937, 2010-Ohio-147 and *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, and remanded this cause to the trial court for further proceedings.

**{¶5}** Appellant again appeared before the trial court via video conference and counsel for resentencing on June 14, 2010, at which time the state elected to pursue the aggravated murder charge at sentencing. The trial court once again sentenced appellant to fifteen years to life on the aggravated murder and, although entering the conviction on the felonious assault charge, indicated it was an allied offense of the aggravated murder and provided for no additional sentence. The Second Re-Sentencing Entry filed June 15, 2010 further ordered appellant "shall pay restitution for the victim, James Malone's funeral expenses."

**{¶6}** It is from the trial court's June 15, 2010 second re-sentencing entry that appellant has appealed, raising the following assignments of error:

**{¶7}** "I. THE TRIAL COURT ERRED WHEN IT DID NOT SPECIFY THE AMOUNT OF RESTITUTION AT SENTENCING, AND, AS SUCH, NO FINAL APPEALABLE ORDER EXISTS.

**{¶8}** "II. APPELLANT'S CONVICTIONS FOR FELONIOUS ASSAULT AND FELONY MURDER WERE BASED ON A DEFECTIVE INDICTMENT AS TO THE THREE ROBBERY CHARGES, CREATING ERROR PERMEATING THE ENTIRE PROCEEDING AND UNDERMINING THE JURY'S CONVICTION FOR FELONY MURDER THUS DENYING APPELLANT A FAIR TRIAL AND DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES

CONSTITUTION AND UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶9} "III. THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF ASSAULT.

{¶10} "IV. APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF BOTH HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS, AT THE TRIAL LEVEL.

{¶11} "V. THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND BY OHIO CRIMINAL RULE 43 BY RE-SENTENCING HIM WITHOUT HIM BEING PRESENT OR HAVING WAIVED SAME."

V.

{¶12} We shall first address appellant's Fifth Assignment of Error because we find it to be dispositive.

{¶13} In his Fifth Assignment of Error appellant argues the use of video conferencing at resentencing violated his statutory right to be present at imposition of sentence. We agree.

{¶14} Crim.R. 43(A) and Section 10, Article I of the Ohio Constitution mandate a defendant's presence at every stage of the criminal proceedings, including imposition of sentence. *State v. Caudill*, Ashland App. No. 04COA58, 2005-Ohio-970 at ¶6. In *State v. Wallace,* Richland App. No.2002CA0072, 2003-Ohio-4119, ¶ 14, this court set forth the law regarding this issue as follows:

**{¶15}** "A defendant has a fundamental right to be present at all critical stages of his criminal trial. *State v. Hill,* 73 Ohio St.3d 433, 444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section 10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings. *Kentucky v. Stincer* (1987), 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631. This right is embodied in Crim.R. 43(A)."

**{¶16}** Criminal Rule 43(A) provides that, "the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, *and the imposition of sentence*, * * *." (Emphasis added).

**{¶17}** Crim R. 43(A) further provides,

**{¶18}** "(2) Notwithstanding the provisions of division (A)(1) of this rule, in misdemeanor cases or in felony cases *where a waiver has been obtained in accordance with division (A)(3) of this rule,* the court may permit the presence and participation of a defendant by remote contemporaneous video for any proceeding if all of the following apply:

**{¶19}** "(a) The court gives appropriate notice to all the parties;

**{¶20}** "(b) The video arrangements allow the defendant to hear and see the proceeding;

**{¶21}** "(c) The video arrangements allow the defendant to speak, and to be seen and heard by the court and all parties;

**{¶22}** "(d) The court makes provision to allow for private communication between the defendant and counsel. The court shall inform the defendant on the record

how to, at any time, communicate privately with counsel. Counsel shall be afforded the opportunity to speak to defendant privately and in person. Counsel shall be permitted to appear with defendant at the remote location if requested.

**{¶23}** "(e) The proceeding may involve sworn testimony that is subject to cross examination, if counsel is present, participates and consents.

**{¶24}** "(3) *The defendant may waive, in writing or on the record*, the defendant's right to be physically present under these rules with leave of court." (Emphasis added).

**{¶25}** In the present case, appellant's second re-sentencing hearing was held via video conference. Appellant's re-sentencing did not involve correcting a sentence that fails to properly impose post-release control pursuant to R.C. 2929.191.[1] No waiver of physical presence was ever executed by appellant either in writing or on the record. In the case at bar, appellant's counsel noted that appellant objected to the use of video conferencing at resentencing and asserted his right to be physically present. (T. Re-Sentencing Hearing June 14, 2010 at 3-4).

**{¶26}** Because appellant was not physically present at his re-sentencing hearing, appellant timely objected to the use of video conferencing and asserted his right to be physically present, and because his absence did not meet any exceptions

---

[1] R.C. 2929.191(C) reads in pertinent part as follows: "On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. * * * The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. * * *."

contained in Crim.R. 43(B)[2], his case must be remanded for a third re-sentencing hearing. See, *State v. Moore*, Cuyahoga App. No. 86244, 2006-Ohio-816.

**{¶27}** Appellant's Fifth Assignment of Error is sustained.

**{¶28}** Having sustained this assignment of error, appellant's remaining assignments of error are premature.

---

[2] "Where a defendant's conduct in the courtroom is so disruptive that the hearing or trial cannot reasonably be conducted with the defendant's continued physical presence, the hearing or trial may proceed in the defendant's absence or by remote contemporaneous video, and judgment and sentence may be pronounced as if the defendant were present. Where the court determines that it may be essential to the preservation of the constitutional rights of the defendant, it may take such steps as are required for the communication of the courtroom proceedings to the defendant."

{¶29} Accordingly, we reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion. This decision in no way affects the guilty verdicts issued by the jury. *State v. Fischer,* 128 Ohio St. 3d 92, 2010–Ohio–6238. See also, *State v. Ketterer,* 126 Ohio St.3d 448, 935 N.E.2d 9, 2010-Ohio-3831.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY

WSG:clw 0826

[Cite as *State v. Gray*, **2011-Ohio-4570.**]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                             :
                                          :
                    Plaintiff-Appellee    :
                                          :
                                          :
-vs-                                      :         JUDGMENT ENTRY
                                          :
MARION E. GRAY, JR.                       :
                                          :
                                          :
                    Defendant-Appellant   :         CASE NO. 2010-CA-0089


        For the reasons stated in our accompanying Memorandum-Opinion, we reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion. This decision in no way affects the guilty verdicts issued by the jury. *State v. Fischer,* 128 Ohio St. 3d 92, 2010–Ohio–6238. See also, *State v. Ketterer,* 126 Ohio St.3d 448, 935 N.E.2d 9, 2010-Ohio-3831. Costs to appellee.


                                          _____
                                          HON. W. SCOTT GWIN


                                          _____
                                          HON. WILLIAM B. HOFFMAN


                                          _____
                                          HON. PATRICIA A. DELANEY