[Cite as *State v. Gray*, 2012-Ohio-3796.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                         |     |                              |
|-------------------------|-----|------------------------------|
|                         | :   | JUDGES:                      |
| STATE OF OHIO           | :   | W. Scott Gwin, P.J.          |
|                         | :   | Sheila G. Farmer, J.         |
| Plaintiff-Appellee      | :   | Julie A. Edwards, J.         |
|                         | :   |                              |
| -vs-                    | :   | Case No. 2011-CA-112         |
|                         | :   |                              |
|                         | :   |                              |
| MARION E. GRAY, JR.     | :   | O P I N I O N                |
|                         |     |                              |
| Defendant-Appellant     |     |                              |



CHARACTER OF PROCEEDING:              Criminal Appeal from Richland
                                      County Court of Common Pleas Case
                                      No. 2007CR0560D

JUDGMENT:                             Dismissed

DATE OF JUDGMENT ENTRY:               August 22, 2012

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JAMES J. MAYER, JR.                   JEFFERY R STIFFLER
Richland County Prosecutor            Badnell & Dick Co., L.P.A.
Richland County, Ohio                 21 North Walnut Street
                                      Mansfield, Ohio  44902
BY: JOHN C. NIEFT
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio  44902

*Edwards, J.*

{¶1} Appellant, Marion Gray, Jr., appeals a judgment of the Richland County Common Pleas Court resentencing him to a term of incarceration of 15 years to life for one count of felony murder (R.C. 2903.02(B)). Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2} In 2007, appellant was convicted of felony murder, felonious assault and two counts of robbery following jury trial in the Richland County Common Pleas Court. Appellant punched the victim, James Malone, two times in the head. The victim fell backwards, hitting his head on the pavement. Mr. Malone died as a result of his injuries. A doctor testified that Mr. Malone died as a result of blunt force trauma to the head, and the injuries to the victim's brain were consistent with the victim being punched very hard in the head area and then falling backward and cracking his skull on the pavement.

{¶3} This Court affirmed appellant's convictions in *State v. Gray*, 5th Dist. No. 2007–CA–0064, 2008-Ohio-6345. However, we granted reconsideration in light of the Ohio Supreme Court's ruling in *State v. Colon,* 119 Ohio St.3d 204, 893 N.E.2d 169, 2008-Ohio-3749. On reconsideration, we vacated appellant's robbery convictions because the indictments failed to state the necessary mens rea for each crime. *State v. Gray*, 5th Dist. No. 2007-CA-0064, 2009-Ohio-455. On remand, the trial court vacated appellant's convictions for both counts of robbery and sentenced appellant to a term of incarceration of 15 years to life for felony murder and seven years for the predicate offense of felonious assault. Sentences were to run concurrently.

{¶4} Appellant appealed again, arguing that felony murder and felonious assault were allied offenses of similar import. We agreed and again remanded the case

to the trial court for resentencing. *State v. Gray*, 5th Dist. No. 09-CA-50, 2010-Ohio-1139.

**{¶5}** Appellant was again resentenced and received a sentence of 15 years to life on the felony murder conviction. The court did not impose an additional sentence on the felonious assault conviction because it is an allied offense of felony murder. This resentencing hearing was held via video conference. Appellant again appealed, and this Court held that his constitutional rights were violated when the trial court held the resentencing hearing by video conference over appellant's objections and without obtaining a waiver. *State v. Gray,* 5th Dist. No. 2010-CA-0089, 2011-Ohio-4570.

**{¶6}** Appellant was once again resentenced on October 18, 2011. Appellant was sentenced to 15 years to life on the felony murder charge. The entry also ordered appellant to pay $9,261.25 in restitution for the funeral expenses of James Malone. This sentencing entry is the first to include a dollar amount of restitution. Appellant assigns three errors on appeal:

**{¶7}** "I. THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON THE LESSER-INCLUDED OFFENSES OF ASSAULT AND INVOLUNTARY MANSLAUGHTER.

**{¶8}** "II. APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF BOTH HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS, AT THE TRIAL LEVEL.

**{¶9}** "III. THE TRIAL COURT FAILED TO COMPLY WITH CRIM. R. 32 IN THAT THE SENTENCING ENTRY DID NOT CONTAIN THE CONVICTION FOR THE UNDERLYING FELONY, FELONIOUS ASSAULT."

{¶10} We first address the issue of whether the entry appellant has appealed is a final, appealable order.   The entry states only that appellant was convicted of murder, in violation of R.C. 2903.02(B).   The entry then goes on to state that appellant is sentenced to 15 years to life on count one, and to no additional sentence on count four because it is an allied offense.  However, the entry does not state the offense of which appellant was convicted in count four.

{¶11} Because R.C. 2941.25(A) protects a defendant only from being punished for allied offenses, the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing, and the trial court should not vacate or dismiss the guilt determination. *State v. Whitfield*, 124 Ohio St.3d 319, 325, 922 N.E.2d 182, 188-189, 2010-Ohio-2. The trial court's entry in the instant case recognizes that appellant will not be sentenced on count four without stating the offense of which appellant was convicted on count four.

{¶12} The Ohio Supreme Court has recently held that Crim. R. 32(C) requires that the entry include the offenses of which the defendant was convicted as well as the sentence before the entry is final and appealable:

{¶13} "We further observe that Crim.R. 32(C) clearly specifies the substantive requirements that must be included within a judgment entry of conviction to make it final for purposes of appeal and that the rule states that those requirements 'shall' be included in the judgment entry of conviction. These requirements are the *fact* of the conviction, the sentence, the judge's signature, and the entry on the journal by the clerk. All of these requirements relate to the essence of the act of entering a judgment of conviction and are a matter of substance, and their inclusion in the judgment entry of

conviction is therefore required. Without these substantive provisions, the judgment entry of conviction cannot be a final order subject to appeal under R.C. 2505.02. A judgment entry of conviction that includes the substantive provisions places a defendant on notice that a final judgment has been entered and the time for the filing of any appeal has begun. *Tripodo* at 127, 4 O.O.3d 280, 363 N.E.2d 719; App.R. 4(A)." *State v. Lester*, 130 Ohio St.3d 303, 958 N.E.2d 142, 2011-Ohio-5204, ¶11.

{¶14} The order appealed from does not include the fact of the conviction on Count Four as required by Crim. R. 32(C) and thus, pursuant to *Lester*, *supra*, is not a final appealable order.

{¶15} The appeal is dismissed.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

                                            JUDGES

JAE/r0604

[Cite as *State v. Gray*, 2012-Ohio-3796.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MARION E. GRAY, JR. | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-112 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Richland County Court of Common Pleas is dismissed.  Costs assessed to appellant.

_____

_____

_____

JUDGES