[Cite as *State v. Gray*, 2015-Ohio-4723.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| MARION GRAY, JR. | : | Case No. 15CA74 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Appeal from the Court of Common
                                        Pleas, Case No. 2007CR0560


JUDGMENT:                               Affirmed


DATE OF JUDGMENT:                       November 12, 2015


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

DANIEL M. ROGERS                        MARION GRAY, JR., Pro Se
38 South Park Street                    Inmate No. 532-025
Mansfield, OH  44902                    Madison Correctional Institution
                                        P.O. Box 740
                                        London, OH  43140-0740

*Farmer, J.*

{¶1}   On July 20, 2007, a jury found appellant, Marion Gray, Jr., guilty of one count of felony murder in violation of R.C. 2903.02, one count of felonious assault in violation of R.C. 2903.11, and two counts of robbery in violation of R.C. 2911.02.  The verdicts were filed on July 23, 2007.  By sentencing entry filed July 24, 2007, the trial court sentenced appellant to an aggregate term of seventeen years to life.

{¶2}   Appellant appealed, and this court affirmed appellant's convictions in *State v. Gray,* 5th Dist. Richland No. 2007-CA-64, 2008-Ohio-6345.  However, this court reconsidered appellant's case in light of the Supreme Court of Ohio's ruling in *State v. Colon,* 119 Ohio St.3d 204, 2008-Ohio-3749, and vacated appellant's robbery convictions because the indictments failed to state the necessary mens rea for each crime.  *State v. Gray,* 5th Dist. Richland No. 2007-CA-0064, 2009-Ohio-455.  On remand, the trial court vacated appellant's convictions for the two robbery counts and resentenced him to an aggregate term of fifteen years to life, fifteen years on the felony murder conviction and seven years on the felonious assault conviction, to be served concurrently (March 10, 2009).

{¶3}   Appellant appealed again, and this court held felony murder and felonious assault were allied offenses of similar import and the case was remanded to the trial court for resentencing.  *State v. Gray,* 5th Dist. Richland No. 09-CA-50, 2010-Ohio-1139.  On remand, the trial court again resentenced appellant to a term of fifteen years to life on the felony murder conviction, but did not impose an additional sentence on the felonious assault conviction because it was an allied offense of felony murder (June 15, 2010).  The resentencing hearing was held via video conference.

{¶4} Appellant appealed again, and this court held the trial court erred in conducting a resentencing hearing by video conference over appellant's objections and without obtaining a waiver. *State v.Gray,* 5th Dist. Richland No. 2010-CA-0089, 2011-Ohio-4570. On remand, the trial court once again resentenced appellant to fifteen years to life on the felony murder charge (October 19, 2011).

{¶5} Appellant appealed again, and this court held the resentencing entry was not a final appealable order because it failed to "include the fact of the conviction on Count Four as required by Crim. R. 32(C)." *State v. Gray,* 5th Dist. Richland No. 2011-CA-112, 2012-Ohio-3796, ¶ 14. On remand, the trial court filed a nunc pro tunc resentencing entry to correct the deficiency (May 9, 2013).

{¶6} Appellant appealed again (Case No. 2013CA0052), and this court dismissed appellant's appeal for want of prosecution (September 23, 2013).

{¶7} On April 13, 2015, appellant filed a pro se motion to vacate void sentence, claiming his sentence was contrary to law because it included an order of restitution, did not include a sentence for the allied offense of felonious assault and therefore his conviction for felony murder could not stand, and did not include reasons for the findings of the trial court's sentence. By judgment entry filed July 23, 2015, the trial court treated appellant's motion as a motion for postconviction relief and overruled the motion, finding the motion was untimely and was barred under the doctrine of res judicata.

{¶8} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶9}   "TRIAL COURT ABUSED ITS DISCRETION WHEN IT APPLIED THE WRONG STANDARD OF REVIEW AND HELD THAT THE APPELLANT'S MOTION TO VACATE VOID SENTENCE WAS A POSTCONVICTION PETITION UNDER R.C. 2953.21."

II

{¶10} "TRIAL COURT ABUSED ITS DISCRETION WHEN IT HELD THAT THERE WAS SUFFICIENT BASIS FOR THE FELONY MURDER CONVICTION DESPITE THE UNAMBIGUOUS LANGUAGE OF THE STATUTES AND CONTROLLING CASE AUTHORITIES."

{¶11} Preliminarily, we note this case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides in pertinent part the following:

> (E) Determination and judgment on appeal
>
> The appeal will be determined as provided by App. R. 11.1.  It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
>
> The decision may be by judgment entry in which case it will not be published in any form.

{¶12} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Association,* 11 Ohio App.3d 158 (10th Dist.1983).

{¶13} This appeal shall be considered in accordance with the aforementioned rules.

I, II

{¶14} Appellant claims the trial court erred in determining his motion to vacate void sentence was a motion for postconviction relief under R.C. 2953.21, and erred in overruling the motion. We disagree.

{¶15} In his April 13, 2015 pro se motion to vacate void sentence, appellant argued his sentence was contrary to law for the following reasons: (1) it included an order of restitution; (2) it did not include a sentence for the allied offense of felonious assault and therefore his conviction for felony murder could not stand; and (3) it did not include reasons for the findings of the trial court's sentence. We note the motion appears to be a pieced together compilation of various other briefs and/or motions.

{¶16} By judgment entry filed July 23, 2015, the trial court treated appellant's motion as a motion for postconviction relief and overruled the motion, finding the motion was untimely and was barred under the doctrine of res judicata.

{¶17} As we can glean from appellant's pro se appellate brief, he complains of two issues: (1) his motion to vacate void sentence was not a petition for postconviction relief; and (2) he was not sentenced for the allied offense of felonious assault and therefore his conviction for felony murder cannot stand.

{¶18} In *State v. Sturkey,* 5th Dist. Muskingum No. CT2006-0087, 2007-Ohio-5701, ¶ 12, this court found motions to vacate sentence are postconviction relief motions and are bound by the statutory time limitations of R.C. 2953.21. Under R.C. 2953.21(A)(2), a motion for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication."

{¶19} The trial transcript was filed in the original direct appeal on November 16, 2007, and appellant filed his motion to vacate void sentence on April 13, 2015, more than six years later. Even if we were to consider appellant's final appeal from the May 9, 2013 nunc pro tunc resentencing entry and this court's dismissal of the appeal for want of prosecution on September 23, 2013, the motion to vacate void sentence was untimely filed. We find appellant does not meet any exception found in R.C. 2953.23(A) for the untimely filing.

{¶20} In addition, we concur with the trial court's analysis that the doctrine of res judicata applies in this case. Although appellant appealed the trial court's May 9, 2013 nunc pro tunc resentencing entry, this court dismissed the appeal for want of prosecution. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.

{¶21} Also, we find appellant's argument, that because a sentence was not imposed for the felonious assault conviction and therefore his conviction for felony murder cannot stand, to be without merit. In *State v. Gray,* 5th Dist. Richland No. 09-

CA-50, 2010-Ohio-1139, this court found the felony murder conviction and the felonious assault conviction were allied offenses. Although appellant can legally be convicted of both, he can only be sentenced on one. "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). *See State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2.

{¶22} Upon review, we find the trial court did not err in treating appellant's motion to vacate void sentence as a motion for post-conviction relief, and did not err in overruling the motion.

{¶23} Assignments of Error I and II are denied.

{¶24} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


SGF/sg 1027

*Hoffman, P.J., concurring*

{¶25} I concur in the majority's analysis and disposition of Appellant's assignments of error.

{¶26} I write separately only to clarify I do not believe all motions to vacate sentence are post-conviction relief motions bound by the statutory time limitations of R.C. 2953.21. Only those based upon an alleged violation of constitutional rights are so bound.[1] A post sentence motion to vacate a sentence can be based upon a claim the sentence was illegal per statutory authority as opposed to a constitutional deprivation. Such type motion would not be barred by res judicata and can be raised at any time.

{¶27} Because I find the arguments raised in Appellant's motion to vacate sentence do not render his sentence statutorily illegal and thereby void, I agree they are both untimely and barred by res judicata.

_____

HON. WILLIAM B. HOFFMAN

---

[1] *State v. Sturkey*, 5th Dist. Muskingum No. CT2006-0087, 2007-Ohio-5701, involved a claim of violation of the constitutional right to counsel.