JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, James Dzelajlija, appeals his convictions for robbery under R.C. 2911.02(A)(2) and (A)(3).[1] He raises the following two assignments of error:
 {¶ 2} " [I.] The case must be dismissed as a result of a defective indictment.
 {¶ 3} "[II.] The convictions of appellant were against the manifest weight of the evidence."
 {¶ 4} Under the Ohio Supreme Court's recent holding in State v.Colon, 118 Ohio St.3d 26, 2008-Ohio-1624 ("Colon I "), and its subsequent clarification in State v. Colon, 119 Ohio St.3d 204,2008-Ohio-3749 ("Colon II "), we are constrained to find merit to the appeal. Specifically, we find that the state failed to charge the appellant with the requisite mens rea of recklessness for the charged offenses, thereby rendering the indictment defective, and that this error permeated throughout the trial. Accordingly, we vacate appellant's convictions. Defective Indictment and Application of Colon I and ColonII *Page 4 
 {¶ 5} Relying on the Ohio Supreme Court's decision in Colon I, appellant argues in his first assignment of error that the indictment is defective and that his conviction must be reversed. Appellant raises this argument for the first time on appeal.
 {¶ 6} In Colon I, the Supreme Court vacated the defendant's robbery conviction under R.C. 2911.02(A)(2) because it found that the indictment failed to charge the necessary mens rea. Id. The Court explained that "R.C. 2911.02(A)(2) does not specify a particular degree of culpability for the act of `inflict[ing], attempt[ing], attempt[ing] to inflict, or threaten[ing] to inflict physical harm,' nor does the statute plainly indicate that strict liability is the mental standard." Id. at ¶ 14. Because "recklessness is the catchall culpable mental state for statutes that fail to mention any degree of culpability," the state was required to prove that the defendant "recklessly inflicted, attempted to inflict, or threatened to inflict physical harm." Id. at ¶ 13-14, quotingState v. Lozier, 101 Ohio St.3d 161, 2004-Ohio-732, ¶ 21. Since the indictment failed to charge "that the physical harm was recklessly inflicted," it omitted one of the essential elements of the crime of robbery and, thus, was defective. Id. at ¶ 15.
 {¶ 7} In determining whether an indictment that fails to charge an essential element can be raised for the first time on appeal, the Supreme Court applied a structural-error analysis, rather than a plain-error analysis, and held *Page 5 
that the defendant may raise the issue for the first time on appeal. Id. at ¶ 19. It described "structural errors" as constitutional defects that "defy analysis by `harmless error' standards" because they "affect *** the framework within which the trial proceeds, rather than simply [being] an error in the trial process itself." (Citations omitted.) Id. at ¶ 20. It further reasoned, "[s]uch errors permeate [t]he entire conduct of the trial from beginning to end so that the trial cannot reliably serve its function as a vehicle for determination of guilt or innocence." Id., quoting Arizona v. Fulminante (1991), 499 U.S. 279,309, 310, quoting Rose v. Clark (1986), 478 U.S. 570, 577-578. Having found the indictment defective, and having determined that the defect was a structural error, the Supreme Court reversed the defendant's conviction. Colon I at ¶ 44-45.
 {¶ 8} As in Colon I, appellant was indicted for one count of robbery under R.C. 2911.02(A)(2) ("physical harm" robbery), which provides:
 {¶ 9} "No person, in attempting or committing a theft offense *** shall do any of the following: ***
 {¶ 10} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another."
 {¶ 11} He was also separately charged and convicted of robbery under R.C. 2911.02(A)(3) ("force" robbery), which provides: *Page 6 
 {¶ 12} "No person, in attempting or committing a theft offense *** shall do any of the following: ***
 {¶ 13} "(3) Use or threaten the immediate use of force against another."
 {¶ 14} Although R.C. 2911.02(A)(3) was not at issue in Colon I, this statute, which bears close resemblance to the "physical harm" robbery statute, has been interpreted to require the culpable mental state of recklessness as well. State v. Gray, 5th Dist. No. 2007-CA-0064,2009-Ohio-455, ¶ 23; State v. Robertson, 10th Dist. No. 08AP-15,2008-Ohio-6909, ¶ 22; see, also, State v. Easter, 2d Dist. No. 22487,2008-Ohio-6038. And these cases further hold that an indictment for the "force" robbery statute, namely, R.C. 2911.02(A)(3), which fails to include the recklessness mens rea, is defective. Id.
 {¶ 15} The indictment in this case, which mirrored the statutory language for each robbery count, failed to charge the required mens rea of recklessness. Thus, under Colon I, the indictment is defective. Our analysis, however, does not end here.
 {¶ 16} In Colon II, the Ohio Supreme Court emphasized that its application of a structural-error analysis arose solely because of those facts showing that the defective indictment caused multiple errors that permeated throughout the trial. Id. at ¶ 6-7. The Court held: *Page 7 
 {¶ 17} "Applying structural-error analysis to a defective indictment is appropriate only in rare cases, such as Colon I, in which multiple errors at the trial follow the defective indictment. In Colon I, the error in the indictment led to errors that `permeate[d] the trial from beginning to end and put into question the reliability of the trial court in serving its function as a vehicle for determination of guilt or innocence.' Id. at ¶ 23, citing State v. Perry, 101 Ohio St.3d 118,2004-Ohio-297, at ¶ 17. Seldom will a defective indictment have this effect, and therefore, in most defective indictment cases, the court may analyze the error pursuant to Crim. R. 52(B) plain-error analysis." Id. at ¶ 8.
 {¶ 18} In explaining its application of a structural-error analysis, as opposed to plain error, the Court noted the multiple errors that occurred in Colon I as follows: (1) the indictment failed to include the mens rea of the crime of robbery; (2) there was no evidence that the defendant had notice that recklessness was an element of the crime of robbery; (3) the state did not argue that the defendant's conduct was reckless; (4) the trial court did not instruct the jury on a mens rea of recklessness; and (5) in closing arguments, the state treated robbery as a strict-liability offense. Id. at ¶ 6.
 {¶ 19} The state urges this court to apply a plain error analysis because it contends that the same errors that permeated in Colon I do not exist here. Specifically, the state argues that it effectively implied that the mens rea of *Page 8 
"knowingly" was necessary for convictions of both counts of robbery. It further contends that the jury was instructed on the mens rea of "knowingly" as the required mental state for robbery under R.C. 2911.02(A)(2) and that the prosecutor did not treat the robbery as a strict liability offense. Because "knowingly" is a heightened standard of review than "recklessness," the state counters that appellant was not prejudiced and no plain error occurred.
 {¶ 20} If the record supported the state's assertions, we would agree that a structural-error analysis is inappropriate and that the proper review is plain error. But we find no support in the record for the state's assertions. Instead, we find the facts of this case substantially indistinguishable from those in Colon I.
 {¶ 21} First, the indictment lacked the necessary mental element of recklessness for "physical harm" robbery under R.C. 2911.02(A)(2) and "force" robbery under R.C. 2911.02(A)(3).
 {¶ 22} Second, the appellant had no notice that recklessness was an element of "physical harm" robbery or "force" robbery. Notably, the bill of particulars did not include the reckless element either.
 {¶ 23} Third, the trial court failed to instruct the jury that it must find appellant was reckless in attempting to inflict, inflicting, or threatening to inflict physical harm. Likewise, the trial court failed to instruct the jury that it must *Page 9 
find appellant was reckless in using or threatening the immediate use of force. Nor did the trial court instruct the jury that it must find that appellant acted "knowingly" with respect to either robbery count. The trial court did define the word "knowingly" but its instruction regarding the mens rea of knowingly was limited to the underlying theft offense. Specifically, the trial court stated the following:
 {¶ 24} "Underlying theft offense. Before you can find that the defendant was committing or attempting to commit a theft offense, you must find beyond a reasonable doubt that the defendantknowingly obtained or exerted control over property with the purpose to deprive the owner of said property." (Emphasis added.)
 {¶ 25} Thus, contrary to the state's assertion, the record is devoid of any evidence that the trial court instructed the jury to find that the appellant acted "knowingly" in committing either robbery offense.
 {¶ 26} Finally, during closing arguments, the prosecutor failed to make any reference to the requisite mens rea of recklessness or even the mens rea of knowingly as to the causing of physical harm or the use of force.
 {¶ 27} Accordingly, having found that all five Colon prongs are met in this case, we must follow the Ohio Supreme Court's direction and conclude that the defective indictment so permeated appellant's trial, resulting in structural error *Page 10 
and requiring reversal. See Gray, supra, ¶ 31, citing Colon I, ¶ 44; see, also, State v. Ginley, 8th Dist. No. 90724, 2009-Ohio-30 andState v. Gilbert, 8th Dist. No. 90615, 2009-Ohio-463 (applying ColonI, as clarified in Colon II, and reversing defendants' convictions for aggravated robbery, a violation of R.C. 2911.01(A)(3), because of an accumulation of errors stemming from a defective indictment and resulting in structural error). Thus, we sustain appellant's first assignment of error.
 {¶ 28} Given our disposition of the first assignment of error, the second assignment of error is moot.
 {¶ 29} Judgment reversed and case remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee costs herein taxed.
 {¶ 30} The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., CONCURS;
COLLEEN CONWAY COONEY, A.J., DISSENTS WITH SEPARATE *Page 11 
OPINION
[1] We note that the trial court should have merged the sentences on the two robbery counts because they constituted allied offenses of similar import. See State v. Ellis, 10th Dist. No. 05AP-800,2006-Ohio-4231. Here, the facts giving rise to the two robbery counts involved a single occurrence.