The STATE of Ohio, Appellee,

v.

SEGINES, Appellant.

[Cite as *State v. Segines*, 191 Ohio App.3d 60, 2010-Ohio-5112.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89915.

Decided Oct. 21, 2010.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Thorin Free-man, A. Steven Dever, and Andrew J. Nichol, Assistant Prosecuting Attorneys, for appellee.

David L. Doughten, for appellant.

---

MELODY J. STEWART, Judge.

{¶ 1} Pursuant to App.R. 26(B), we have reopened the appeal of defendant-appellant, Richard Segines, in light of a demonstrated case of ineffective assis-tance of appellate counsel that occurred when counsel neglected to raise an issue under *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, challenging the state's failure to include a mens rea element in an indictment charging aggravated robbery under R.C. 2911.01(A)(3). Segines now argues that the predicate murder count is necessarily affected by the defect in the indictment because the jury could have used an invalid aggravated-robbery conviction as the underlying felony for the murder count.

I

{¶ 2} The victim sold clothes from a van. The evidence showed that Segines and a codefendant named Briscoe had an altercation with the victim and one of them shot and killed the victim. Segines and Briscoe fled the scene with clothing, the victim's cell phone, and $200 in cash.

{¶ 3} The state charged Segines and Briscoe in identically worded indictments: one count of aggravated murder under R.C. 2903.01(A) (prior calculation and design); one count of aggravated murder under R.C. 2903.01(B) (felony murder); one count of aggravated robbery under R.C. 2911.01(A)(1) (robbery while pos-sessing a firearm); and one count of aggravated robbery under R.C. 2911.01(A)(3) (robbery while inflicting physical harm). They were tried together. The state dismissed the aggravated-murder charges in count 1 of the respective indictments and proceeded under the felony-murder charge in count 2. The court instructed the jury on the lesser-included offense of murder. The jury returned a guilty verdict on the lesser-included offense of murder and guilty verdicts on both aggravated-robbery counts.

{¶ 4} Segines appealed. Although he filed his appellate brief before *Colon* was issued, the oral argument occurred one week after *Colon* had been released. At no point in the appeal did Segines claim any error relating to the omission of the

culpable mental element from the indictment. We affirmed the conviction and sentence. See *State v. Segines*, 8th Dist. No. 89915, 2008-Ohio-2041, 2008 WL 1903997. Segines filed an untimely motion for reconsideration in which he tried to raise the *Colon* issue. We denied the motion for reconsideration but noted the availability of an application to reopen the appeal under App.R. 26(B) as an avenue for raising the *Colon* issue.

{¶ 5} Briscoe also appealed from his conviction. Unlike Segines, Briscoe filed his brief after *Colon* had been released, and he extensively argued that *Colon* applied to both aggravated-robbery counts. In *State v. Briscoe*, 8th Dist. No. 89979, 2008-Ohio-6276, 2008 WL 5084720, we found that *Colon* had no application to an indictment for aggravated robbery under R.C. 2911.01(A)(1), because that offense is a strict-liability offense on authority of *State v. Wharf* (1999), 86 Ohio St.3d 375, 715 N.E.2d 172. *Briscoe* at ¶ 21. We did find, however, that under count 4 of the indictment, which charged aggravated robbery under R.C. 2911.01(A)(3), the failure to include a mens rea element in the indictment rendered the indictment fatally defective. Id. at ¶ 29. We further found that the omission constituted structural error and reversed the conviction for count 4. Id.

{¶ 6} Segines then filed his application to reopen the appeal, claiming that he was denied the effective assistance of appellate counsel because counsel failed to raise a *Colon* issue on appeal like the one that succeeded in *Briscoe*. We agreed, finding that "[b]ecause *Segines* is identical to *Briscoe*, this court rules that Segines's appellate counsel was deficient for not timely raising the *Colon* issues, and that had he done so, this court would have reversed the conviction for count 4. Accordingly, this court grants the application to reopen and reinstates this appeal to the regular docket." *State v. Segines*, 8th Dist. No. 89915, 2009-Ohio-2698, 2009 WL 1622414, reopening allowed (June 8, 2009), Motion No. 411845.

## II

{¶ 7} Our basis for upholding codefendant Briscoe's appeal and granting the application to reopen Segines's appeal, that "the failure to include the requisite mens rea of recklessness in defendant's indictment for aggravated robbery in violation of R.C. 2911.01(A)(3) rendered it defective," *Briscoe* at ¶ 29, is no longer viable. In *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, paragraph one of the syllabus states: "An indictment that charges an offense by tracking the language of the criminal statute is not defective for failure to identify a culpable mental state when the statute itself fails to specify a mental state. (*State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, reaffirmed; *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, overruled; *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, overruled in part.)"

{¶ 8} Count 4 of Segines's indictment tracked the language of R.C. 2911.01(A)(3), so under *Horner,* there is no violation in failing to state the culpable mental element. *Horner* is an intervening decision by a superior court and its holding requires a deviation from the law of the case we established when reopening Segines's appeal. See *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 5, 11 OBR 1, 462 N.E.2d 410, syllabus.

{¶ 9} Even if *Horner* had not overruled *Colon,* we nonetheless have found that, contrary to the conclusions we made when reopening the appeal, any defect in Segines's indictment would not rise to level of structural error.

{¶ 10} In *State v. Fry,* 125 Ohio St.3d 163, 2010-Ohio-1017, 926 N.E.2d 1239, decided after we granted Segines's application to reopen the appeal, the Supreme Court considered a *Colon* structural-error argument in the context of felony murder when the indictment charged two predicate offenses: felonious assault and aggravated burglary. Fry's indictment did not charge a culpable mental element for the felonious assault and the court failed to charge Fry's jury on the mens rea element of felonious assault. The Supreme Court found that the omission of the felonious assault mens rea element from the indictment was error, but rejected a claim that the error was structural, because "aggravated burglary was properly charged as a predicate offense." Id. at ¶ 47. The Supreme Court stated:

{¶ 11} "Furthermore, in *Hedgpeth v. Pulido* (2008), [555] U.S. [57], 129 S.Ct. 530, 172 L.Ed.2d 388, the United States Supreme Court concluded that instructing a jury on multiple theories of guilt, one of which is invalid, is not a structural error requiring that a general verdict be set aside without regard to whether the instructional error prejudiced the defendant. Id. [555 U.S. 57, 129 S.Ct.] at 532 [172 L.Ed.2d 388]. *Hedgpeth* addressed instructional error rather than a defective indictment. *But Hedgpeth illustrates that an error arising in the context of multiple theories of guilt does not vitiate the remaining findings that are supported on valid grounds.* The same logic would uphold Fry's felony-murder indictment because aggravated burglary was properly charged and was sufficient to support the jury's findings in this case. See also *State v. Gray,* 5th Dist. No. 2007–CA–0064, 2009-Ohio-455, 2009 WL 252366, ¶ 34–36." (Emphasis added.) Id. at ¶ 48.

{¶ 12} Once again, *Fry* is an intervening decision by a superior court that requires a deviation from the law of the case we established when reopening Segines's appeal. *Fry* would dictate that we retract our earlier finding that the omission of the culpable mental element from Segines's indictment in count 4 constituted structural error. There is no question that the aggravated-robbery charge in count 3 had been properly stated in the indictment. The Supreme Court recently stated the proposition that aggravated robbery under R.C.

2911.01(A)(1) is a strict-liability offense as to the element of displaying, brandishing, indicating possession of, or using a deadly weapon, and no mens rea element need be charged in an indictment. See *State v. Lester*, 123 Ohio St.3d 396, 2009-Ohio-4225, 916 N.E.2d 1038, at ¶ 34. As noted in our decision to reopen the appeal, there was no defect in charging count 3 of the indictment because aggravated robbery under R.C. 2911.01(A)(1) is a strict-liability offense. Because that count remained extant, there was an alternative predicate felony upon which to rest a felony-murder conviction, even if the count 4 aggravated-robbery count was invalid. Assuming we were to reach the issue, we would conclude in conformity with *Fry* that the felony-murder conviction could properly be supported by count 3. There would be no structural error stemming from a defect in count 4 of the indictment. The assigned error is overruled.

Judgment affirmed.

ROCCO, P.J., and DYKE, J., concur.