[Cite as *State v. McCain*, 2011-Ohio-2565.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                          :

    Plaintiff-Appellee                          :           C.A. CASE NO.    24159

v.                                                             :           T.C. NO.    93CR1038

REGGIE ALLEN McCAIN                         :             (Criminal appeal from
                                                                        Common Pleas Court)

    Defendant-Appellant               :

                                                               :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___27th___ day of ___May___, 2011.

. . . . . . . . . .

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

REGGIE ALLEN McCAIN, #277-223, London Correctional Institute, P. O. Box 69, London, Ohio 43140
    Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}  Reginald Allen McCain appeals from an order of the Montgomery County Court of Common Pleas, which denied his motion to vacate his convictions.  For the following reasons, the trial court's judgment will be affirmed.

{¶ 2}  In April 1993, McCain was indicted for burglary, aggravated robbery,

aggravated murder, and two counts of kidnapping. (McCain's co-defendant was charged with the same offenses, plus an additional count of having weapons while under disability.) All of the counts included a firearm specification; the burglary count also included a cause harm specification and an actual threat of harm with a deadly weapon specification. McCain pled guilty to murder (a lesser included offense of aggravated murder) with a firearm specification and one count of kidnapping. In exchange for the plea, the remaining counts were dismissed. The court sentenced McCain to 3 to 15 years for kidnapping and 15 years to life for murder, to be served concurrently with each other, but consecutive with and subsequent to three years of actual incarceration for the firearm specification accompanying the murder count.

{¶ 3} In June 2010, McCain filed a Motion to Vacate Conviction. He argued that the indictment for aggravated robbery (Count 2) omitted the mens rea, an element of the charged offense. He asserted that this omission constituted a structural error that "clearly permeated [his] entire criminal proceedings." The State responded that McCain was not convicted of aggravated robbery and, regardless, aggravated robbery in violation of R.C. 2911.01(A)(1) is a strict liability offense.

{¶ 4} The trial court construed McCain's motion as a request to vacate his conviction for aggravated robbery. The court denied the motion, noting that McCain pled guilty to murder and kidnapping and was never convicted of aggravated robbery.

{¶ 5} McCain appeals from the trial court's order, claiming that his convictions for murder and kidnapping should have been vacated due to the faulty indictment for aggravated robbery

**{¶ 6}** First, we agree that by accepting the plea bargain and pleading guilty to other indicted charges and having the aggravated robbery charge dismissed, McCain has waived any possible error in the indictment for aggravated robbery. However, even if we very liberally construed his argument to be that the aggravated robbery indictment somehow tainted the guilty pleas to murder and kidnapping, the trial court's decision was correct.

**{¶ 7}** McCain's argument appears to be based on *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624 ("*Colon I*"), which held that "[w]hen an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment." Id. at syllabus. If the defective indictment "permeated" the defendant's trial, the defective indictment was structural error. Id. at ¶44.

**{¶ 8}** On reconsideration, the Supreme Court clarified that *Colon I* was "prospective only" and "that where a defective indictment was not inextricably linked to other errors, plain error analysis, rather than structural error analysis, would be appropriate." *State v. Taylor*, Montgomery App. No. 22564, 2009-Ohio-806, at ¶17, citing *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, ¶7 ("*Colon II*").

**{¶ 9}** On August 27, 2010 (two months after McCain filed his motion to vacate), the Ohio Supreme Court overruled *Colon I* and *Colon II*, holding: "An indictment that charges an offense by tracking the language of the criminal statute is not defective for failure to identify a culpable mental state when the statute itself fails to specify a mental state." *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, paragraph one of the syllabus.

**{¶ 10}** At the time of McCain's offenses, R.C. 2911.01(A)(1) provided:

{¶ 11} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:

{¶ 12} "(1) Have a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control[.]"

{¶ 13} McCain's indictment tracked that language, stating that McCain and his co-defendant "on or about the **8th** day of **April**, 19**93**, \*\*\* in **attempting or committing** a theft offense against another, to wit: **Lucinda Smithson**, as defined in Section 2913.01(K) of the Revised Code, to wit: a violation of Section 2913.02 of the Revised Code or in **fleeing immediately after such attempt or offense**, did have a deadly weapon, to wit: **a firearm**, on or about **their** person or under **their** control; contrary to the form of the statute (in violation of Section 2911.01(A)(1) of the Ohio Revised Code) \*\*\*."   (Emphasis sic.)

{¶ 14} Because McCain's indictment for aggravated robbery tracked the language of the statutory section under which he was charged, the indictment was not deficient for failing to specify a mens rea.   See *State v. Stevens*, Montgomery App. No. 23817, 2010-Ohio-4766.  We find no error – structural, plain, or otherwise – in McCain's indictment for aggravated robbery.   Accordingly, we find no error to taint McCain's pleas and convictions for murder and kidnapping.

{¶ 15} McCain's assignment of error is overruled.

{¶ 16} The trial court's order will be affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Johnna M. Shia
Reggie Allen McCain
Hon. Connie S. Price