[Cite as *State v. Dzelajlija*, 2011-Ohio-6445.]

[Vacated opinion.    Please see 2012-Ohio-913.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95851**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES DZELAJLIJA

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED, SENTENCE VACATED, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-478630

**BEFORE:**   Kilbane, A.J., Boyle, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   December 15, 2011

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender
Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue - Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Sanjeev Bhasker
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, James Dzelajlija, appeals from the order of the trial court that reinstated his sentences for robbery, following this court's reversal of the robbery convictions and remand for a new trial. Although subsequent case law makes it clear that a new trial is no longer necessary, we conclude that the trial court committed reversible error and acted beyond its mandate in reinstating the sentences for the convictions that we vacated. Therefore, the decision must be reversed and the matter remanded to the trial court for further proceedings consistent with this opinion.

{¶ 2} On March 23, 2006, defendant was indicted on two counts of robbery and receiving stolen property, in connection with the September 30, 2005 robbery of a furniture store employee who was making a night deposit. Defendant was convicted of the robbery charges and sentenced to concurrent seven-year terms of imprisonment, plus five years of postrelease control. This court determined that the trial court admitted inadmissible and prejudicial opinion evidence as to a witness's truthfulness and reversed and remanded for a new trial. *State v. Dzelajlija*, Cuyahoga App. No. 88805, 2007-Ohio-4050 (*Dzelajlija I*).

{¶ 3} Defendant was again convicted of both robbery charges following the retrial, and on February 21, 2008, he was sentenced to a seven-year term of imprisonment and a concurrent five-year term of imprisonment, plus three years of postrelease control.

The court additionally ordered this sentence to be served consecutively to an unrelated conviction in Case No. CR-475938.

{¶ 4} Defendant appealed to this court, asserting that the indictments were defective under *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 (*Colon I*) and *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio 3749, 893 N.E.2d 169 (*Colon II*), and that his convictions were against the manifest weight of the evidence.

{¶ 5} This court concluded that the indictments were defective under *State v. Colon I*, and *Colon II* for failing to charge defendant with the requisite mens rea of recklessness. This court therefore again reversed defendant's convictions and remanded the matter for a new trial pursuant to properly formed indictments and remanded the matter to the trial court. This court additionally determined that since the defective indictments constituted structural error, defendant's challenge to the weight of the evidence supporting his convictions was moot. *State v. Dzelajlija*, Cuyahoga App. No. 91115, 2009-Ohio-1072 (*Dzelajlija II*).

{¶ 6} On May 20, 2009, the matter was returned to the docket of the trial judge. At this time, however, defendant was imprisoned in connection with Case No. CR-475938. Retrial was scheduled for September 14, 2010. On August 27, 2010, however, the Ohio Supreme Court decided *State v. Horner,* 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26. In *Horner*, the court overruled *Colon I* and *Colon II*, and held that where an indictment charges an offense by tracking the language of the

criminal statute, it is not defective for failure to identify a culpable mental state when the statute itself fails to specify a mental state.

{¶ 7} On September 14, 2010, the trial court held a hearing in this matter to determine the effect of the *Horner* decision in relation to our prior mandate in *Dzelajlija II*. The record of this hearing indicates that the file was not returned to the trial court until May 2009. At that time, the court learned that the State intended to retry defendant but the following month, the Ohio Supreme Court released its decision in *Horner*, which overruled *Colon I* and *Colon II*.

{¶ 8} The prosecuting attorney maintained that because defendant remained imprisoned in Case No. CR-475938, and did not file a detainer to be brought back for retrial, defendant's speedy trial rights had not been violated. He additionally argued that the *Horner* decision authorized the trial court to disregard this court's 2009 reversal and remand and permitted the trial court to reimpose its sentence.

{¶ 9} In opposition, the defense asserted that the trial court was under a mandate to act in a timely manner, did not do so, and the resulting prejudice occurred when the Supreme Court issued its decision in *Horner*.

{¶ 10} Following the hearing, the trial court concluded that defendant was not prejudiced by the delay in scheduling a retrial, and that the *Horner* decision constituted extraordinary circumstances that justified the reimposition of the sentence that had been imposed on February 21, 2008, without holding another trial. The court then reimposed

that sentence. Defendant now appeals and assigns four errors for our review. For the sake of convenience, we begin with the third assignment of error that provides:

**"Res judicata and collateral estoppel preclude the State from relitigating the validity of Dzelajlija's indictment when it failed to appeal that issue to the Ohio Supreme Court."**

{¶ 11} Within this assignment of error, defendant asserts that because the State did not challenge this court's determination in *Dzelajlija II* that the indictment was fatally defective, it is barred by the doctrine of res judicata from raising that challenge before the trial court on remand.

{¶ 12} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph nine of the syllabus.

{¶ 13} We note, however, that a new judicial ruling may be applied to cases that are pending on the announcement date. *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687; *State v. Lynn* (1966), 5 Ohio St.2d 106, 108, 214 N.E.2d 226.

{¶ 14} Here, in light of our remand to the trial court, this matter was not final and was pending before the trial court at the time of the announcement of the *Horner* decision. Res judicata therefore does not bar the application of the *Horner* decision to

this matter. Moreover, under *Horner*, an intervening decision by a superior court, the robbery charges herein are not defective. *State v. McCain*, Montgomery App. No. 24159, 2011-Ohio-2565; *State v. McCuller,* Cuyahoga App. No. 94793, 2011-Ohio-610.

{¶ 15} The third assignment of error is therefore without merit.

{¶ 16} Defendant's first, second, and fourth assignments of error are interrelated and state:

> **"I.   The trial court erred and violated Dzelajlija's state and federal due process rights when it imposed a sentence without a valid finding of guilt.**
>
> **II.   The trial court lacked jurisdiction to affect this court's judgment in *Dzelajlija II*.**
>
> **IV.   The state failed to present extraordinary circumstances to justify the trial court's deviation from the mandate of *Dzelajlija II*."**

{¶ 17} Within these assignment of error, defendant asserts that the trial court was without jurisdiction to reimpose the February 21, 2008 sentence because this court in *Dzelajlija II* vacated the convictions, and the mandate from this court ordered that the matter be remanded to the trial court "for the limited purpose of vacating the convictions."

{¶ 18} As an initial matter, we note that the trial court must follow a mandate from this court. *State v. Gates*, Cuyahoga App. No. 82385, 2004-Ohio-1453; *State v. Carlisle*, Cuyahoga App. No. 93266, 2010-Ohio-3407. We explained the appellate mandate as follows:

**"An appellate mandate works in two ways: it vests the lower court on remand with jurisdiction and it gives the lower court on remand the authority to render judgment consistent with the appellate court's judgment. Under the 'mandate rule,' a lower court must "carry the mandate of the upper court into execution and not consider the questions which the mandate laid at rest."**

{¶ 19} *Carlisle* noted that a lower court may rule on issues left open by the mandate, and that a deviation from an appellate mandate can occur "when external circumstances have rendered that mandate void or moot." Id.

{¶ 20} Nonetheless, there is no authority to extend or vary the mandate of the appellate court. *State v. Bell*, Cuyahoga App. No. 92037, 2009-Ohio-2138. Thus, where this court does not mandate a resentencing hearing, the trial court had no power to conduct one. *State v. Howard*, Cuyahoga App. No. 87490, 2006-Ohio-6412. Accord *Bell*.

{¶ 21} Applying the foregoing to this matter, we note that following the release of *Horner* "there is no violation for failing to state the culpable mental element. *State v. Segines*, 191 Ohio App.3d 60, 2010-Ohio-5112, 944 N.E.2d 1186. The *Segines* court explained:

{¶ 22} "*Horner* is an intervening decision by a superior court and its holding requires a deviation from the law of the case we established when reopening Segines's appeal." Id.

{¶ 23} Accord *State v. McCain,* Montgomery App. No. 24159, 2011-Ohio-2565 (Under the *Horner* analysis, R.C. 2911.02(A)(1) is a strict liability offense); *State v. McCuller*, Cuyahoga App. No. 94793, 2011-Ohio-610 ("The supreme court's analysis in

*Horner* leads to the conclusion that the offense of robbery under R.C. 2911.(A)(2) is a 'strict liability' offense").

{¶ 24} Therefore, although this court's prior remand of this matter indicated that the convictions were reversed and the case was remanded for a new trial, the trial court, like this court, continued to be obligated to follow the decisions of superior courts that may supersede that mandate. By application of *Horner*, a decision of a superior court, "there is no violation for failing to state the culpable mental element." *Segines*. We therefore recognize that under *Horner*, the trial court properly concluded that the robbery charges herein are not defective. *McCuller*.

{¶ 25} Nonetheless, the mandate issued by this court did not authorize the trial court to resentence defendant on those charges. The prior appeal of this matter did not address the manifest weight argument raised by defendant, so this challenge has not been resolved and the conviction has not become final. Therefore the trial court erred in reimposing the sentence announced on February 21, 2008. The parties must obtain finality on the conviction before sentence may be imposed.

{¶ 26} The first, second, and fourth assignments of error are well taken. The judgment of the trial court is reversed insofar as it imposed sentence on the robbery convictions and we hereby vacate the sentence.

{¶ 27} It is ordered that appellant recover from appellee costs herein taxed.

{¶ 28} The court finds there were reasonable grounds for this appeal.

{¶ 29} It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., CONCURS;
KENNETH A. ROCCO, J., CONCURS IN PART AND DISSENTS IN PART (SEE SEPARATE OPINION ATTACHED).

KENNETH A. ROCCO, J., CONCURRING IN PART AND DISSENTING IN PART:

{¶ 30} I concur with the majority that the trial court's judgment of May 10, 2011 should be reversed. I, however, in lieu of remand, would sua sponte reconsider *Dzelajlija II* in order to review the defendant's assignment of error concerning the manifest weight of the evidence.[1] I do so in the interests of judicial economy. Upon

_____

[1]Although "sua sponte" is a fitting motto for the 75th Ranger Regiment, it is often inappropriate for an appellate court to issue such an order because the parties lose the opportunity to participate in the decision-making. It would have been a better practice for one of the parties to have moved to reconsider our decision in *Dzelajlija II.*

review, if this court's decision is that the defendant's convictions are not against the manifest weight of the evidence, then there is no need for a third trial in this case. Of greater concern is whether there is an unexpected jeopardy consequence in having the trial court conduct a third trial on the merits, particularly since we did not reverse on the merits of the second trial.

{¶ 31} It is difficult to think of this case in the context of *Colon I*, *Colon II,* and *Horner*, supra, without remembering Stan Laurel looking perplexed at Oliver Hardy and stating "What a fine mess we made Ollie."