[Cite as *State v. Dzelajlija*, 2012-Ohio-913.]

[Please see original opinion at 2011-Ohio-6445.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95851**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES DZELAJLIJA

DEFENDANT-APPELLANT

### JUDGMENT:
### REVERSED; CONVICTIONS AND SENTENCE VACATED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-478630

**BEFORE:** Kilbane, P.J., Boyle, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** March 8, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender
Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue - Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Sanjeev Bhasker
T. Allan Regas
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ON RECONSIDERATION

MARY EILEEN KILBANE, P.J.:

{¶1} The plaintiff-appellee, the state of Ohio has asked this court to reconsider its December 15, 2011 decision in which we concluded that due to recent changes in the controlling case law, defendant-appellant, James Dzelajlija, was not entitled to a new trial due to structural error caused by his indictment. That opinion recognized, however, that in defendant's prior appeal on the merits, his challenge to the manifest weight of the evidence supporting his robbery convictions was deemed moot and was not addressed. Consequently, this court determined that the trial court committed reversible error and acted beyond its mandate in reinstating Dzelajlija's sentences for those convictions.

{¶2} Since the release of the December 15, 2011 opinion, the panel that heard defendant's prior appeal has denied the State's motion to reopen the appeal in order to weigh the evidence supporting defendant's 2008 robbery convictions.[1] Therefore, upon reconsideration, we note that despite the change in controlling case law, the record of this particular matter compels us to apply the structural error analysis herein. Under that structural error analysis, defendant's 2008 robbery conviction and sentence must be vacated due to defective indictments.[2]

---

[1]In this connection, we note that App.R. 26(B) states that "A *defendant* in a criminal case may apply for reopening[.]" (Emphasis added.)

[2]The original decision in this appeal, *State v. Dzelajlija*, 8th Dist. No. 95851, 2011-Ohio-6445, 2011 WL 6314200, released December 15, 2011, is hereby vacated.

**{¶3}** On March 23, 2006, defendant was indicted on two counts of robbery and receiving stolen property, in connection with the September 30, 2005 robbery of a furniture store employee who was making a night deposit. Defendant was convicted of the robbery charges and sentenced to concurrent seven-year terms of imprisonment, plus five years of postrelease control. This court determined that the trial court admitted inadmissible and prejudicial opinion evidence as to a witness's truthfulness and reversed and remanded for a new trial. *State v. Dzelajlija*, Cuyahoga App. No. 88805, 2007-Ohio-4050, 2007 WL 2269464 (*"Dzelajlija I"*).

**{¶4}** Defendant was again convicted of both robbery charges following the retrial, and on February 21, 2008, he was sentenced to a seven-year term of imprisonment and a concurrent five-year term of imprisonment, plus three years of postrelease control. The court additionally ordered this sentence to be served consecutively to an unrelated conviction in Case No. CR-475938.

**{¶5}** Defendant appealed to this court. This court concluded that the indictments were defective under *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 (*"Colon I"*) and *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 ("*Colon II"*), for failing to charge defendant with the requisite mens rea of recklessness. This court therefore again reversed defendant's convictions, stated that they were "vacated," and remanded the matter to the trial court. This court additionally

---

This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 2.2(A)(1).

determined that since the defective indictments constituted structural error, defendant's additional challenge to the weight of the evidence supporting his convictions was moot. *State v. Dzelajlija*, 8th Dist. No. 91115, 2009-Ohio-1072, 2009 WL 626326 (*"Dzelajlija II"*).

{¶6} On May 20, 2009, the matter was returned to the docket of the trial judge. At this time, however, defendant was imprisoned in connection with Case No. CR-475938. Retrial was scheduled for September 14, 2010. On August 27, 2010, however, the Ohio Supreme Court decided *State v. Horner,* 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26. In *Horner*, the court overruled *Colon I* and *Colon II*, and held that where an indictment charges an offense by tracking the language of the criminal statute, it is not defective for failure to identify a culpable mental state when the statute itself fails to specify a mental state.

{¶7} On September 14, 2010, the trial court held a hearing in this matter to determine the effect of the *Horner* decision in relation to our prior mandate in *Dzelajlija II*. Thereafter, the trial court concluded that defendant was not prejudiced by the delay in scheduling a retrial, and that the *Horner* decision constituted extraordinary circumstances that justified the reimposition of the sentence that had been imposed on February 21, 2008, without holding another trial. The court then reimposed two concurrent seven-year sentences.

{¶8} On appeal to this court, defendant maintained that this court's prior mandate and principles of res judicata barred further proceedings on the original indictment, and

that the trial court acted without jurisdiction and in derogation of his right to due process in reimposing sentence without a valid finding of guilt. This court concluded that due to recent changes in the controlling case law, the original indictment could no longer be deemed structurally defective, but because the challenge to the manifest weight of the evidence supporting his conviction had not been decided, the trial court committed reversible error and acted beyond its mandate in reinstating Dzelajlija's sentences.

{¶9} Our opinion therefore reflected that the failure to include a mens rea in an indictment is no longer deemed to create structural error where it tracks the language language of the criminal statute, but also reflected that we were without authority and lacked the record to determine the manifest weight of the evidence issue raised *Dzelajlija II*. Following release of our December 15, 2011 opinion, the panel that heard *Dzelajlija II* declined to reopen the appeal for consideration of that issue.

{¶10} Moreover, indictments that track the relevant statutory provisions are now generally reviewed for plain error, rather than structural error. *State v. Andera*, 8th Dist. No. 92306, 2010-Ohio-3304, 2010 WL 2783688; *State v. Segines*, 191 Ohio App.3d 60, 2010-Ohio-5112, 944 N.E.2d 1186 (8th Dist.); *State v. Dunlap*, 129 Ohio St.3d 461, 2011-Ohio-4111, 953 N.E.2d 816. However, we believe that the unresolved issue regarding the evidentiary support for defendant's convictions renders the plain error analysis inappropriate to this matter. Therefore, due to the unique procedural posture of this matter, we again apply the structural error analysis set forth in *Colon I*, in order to address defendant's assignments of error.

**{¶11}** Defendant's second, third, and fourth assignments of error are interrelated and state:

II. The trial court lacked jurisdiction to affect this court's judgment in *Dzelajlija II.*

III. Res judicata and collateral estoppel preclude the State from relitigating the validity of Dzelajlija's indictment when it failed to appeal that issue to the Ohio Supreme Court.

IV. The state failed to present extraordinary circumstances to justify the trial court's deviation from the mandate of *Dzelajlija II.*

**{¶12}** In *Hedgpeth v. Pulido*, 555 U.S. 57, 129 S.Ct. 530, 172 L.Ed.2d 388 (2008), the United States Supreme Court noted that where error is structural, the verdict must be set aside without regard as to whether it prejudiced the defendant.

**{¶13}** In addition, a trial court must follow a mandate from a reviewing court. *State v. Gates*, 8th Dist. No. 82385, 2004-Ohio-1453, 2004 WL 584004. In *State v. Carlisle*, 8th Dist. No. 93266, 2010-Ohio-3407, 2010 WL 2857806, we explained the appellate mandate as follows:

> An appellate mandate works in two ways: it vests the lower court on remand with jurisdiction and it gives the lower court on remand the authority to render judgment consistent with the appellate court's judgment. Under the "mandate rule," a lower court must "carry the mandate of the upper court into execution and not consider the questions which the mandate laid at rest."

**{¶14}** New judicial rulings may be applied to cases if they are pending on the announcement date. *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687; *State v. Lynn*, 5 Ohio St.2d 106, 108, 214 N.E.2d 226 (1966). However, there is no

authority to extend or vary the mandate of the appellate court.  *State v. Bell*, 8th Dist. No. 92037, 2009-Ohio-2138, 2009 WL 1243769.

{**¶15**} In this matter, the court in *Dzelajlija II* determined that the robbery charges were structurally defective and it vacated the convictions.   The mandate from this court ordered that the matter be remanded to the trial court "for the limited purpose of vacating the convictions."   The State did not appeal this decision and it became final.   The matter was not reindicted and the matter was no longer a pending case at the time the *Horner* decision was announced.   Therefore, we conclude that the trial court erred in considering the matter as pending under the original indictment and in applying *Horner* rather than *Colon* herein.   Moreover, because the matter was no longer a pending case, given *Dzelajlija II's* reversal and remand for vacation of the convictions, we further conclude that the trial court committed reversible error in failing to follow the mandate ordering the convictions vacated.

{**¶16**}    The   second, third, and fourth assignments of error are well taken.

{**¶17**}   Defendant's first assignment of error states:

I.   The trial court erred and violated Dzelajlija's state and federal due process rights when it imposed a sentence without a valid finding of guilt.

{**¶18**} Within this assignment of error, defendant asserts that the trial court erred in reimposing the February 21, 2008 sentence in the absence of a determination that defendant was guilty of robbery.

**{¶19}** The mandate in *Dzelajlija II* ordered that the matter be remanded to the trial court "for the limited purpose of vacating the convictions." This court did not authorize the trial court to resentence defendant on those charges. The prior appeal of this matter did not address the manifest weight argument raised by defendant, so this challenge has not been resolved and the conviction has not become final. Therefore, the trial court erred in reimposing the sentence announced on February 21, 2008.

**{¶20}** The first assignment of error is well taken.

**{¶21}** The matter is reversed; convictions and sentence are vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

MARY J. BOYLE, J., CONCURS
KENNETH A. ROCCO, J., CONCURS (SEE SEPARATE CONCURRING OPINION)

KENNETH A. ROCCO, J., CONCURRING:

**{¶22}** Although I fully concur with the majority, I write separately to state once again that based upon *Horner* and this court's inherent authority, I believe that the panel of *Dzelajlija II,* 8th Dist. No. 91115, 2009-Ohio-1072, should sua sponte reconsider its decision in order to review the appellant's manifest weight of the evidence issue.