THE STATE OF OHIO, APPELLANT, *v*. DZELAJLIJA, APPELLEE.

[Cite as *State v. Dzelajlija*, 136 Ohio St.3d 346, 2013-Ohio-3724.]

*Criminal law—Appeals—Remand to trial court—Resentencing on remand improper when manifest-weight issue unresolved on appeal.*

(No. 2012-0651—Submitted February 27, 2013—Decided September 3, 2013.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 95851, 2012-Ohio-913.

_____

PFEIFER, J.

## BACKGROUND

{¶ 1} In 2006, appellee, James Dzelajlija, was found guilty of two counts of robbery, R.C. 2911.02. He was sentenced to two concurrent terms of seven years' imprisonment and five years of postrelease control. On appeal, the court of appeals determined that the trial court had admitted inadmissible and prejudicial evidence. The appellate court reversed the convictions and granted Dzelajlija a new trial. *State v. Dzelajlija,* 8th Dist. Cuyahoga No. 88805, 2007-Ohio-4050.

{¶ 2} After a retrial in 2008, Dzelajlija was again found guilty of two counts of robbery and again sentenced to two concurrent seven-year terms, but this time with three years of postrelease control.

{¶ 3} Dzelajlija appealed, raising two assignments of error. His first assignment argued that the indictment was defective for failing to state a culpable mental state for either offense. His second contended that the convictions were against the manifest weight of the evidence. The court of appeals reversed on the first ground, concluding that the indictment was defective and that the defects amounted to structural error based on our decisions in *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, and *State v. Colon*, 119 Ohio St.3d

204, 2008-Ohio-3749, 893 N.E.2d 169. Accordingly, the court of appeals vacated the convictions. The court determined that the second assignment of error was moot, and the court reversed the judgment and remanded for further proceedings consistent with its decision. *State v. Dzelajlija*, 8th Dist. Cuyahoga No. 91115, 2009-Ohio-1072 ("*Dzelajlija II*").

**{¶ 4}** Over a year later, and before a retrial took place, this court decided *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, which overruled both *Colon* decisions. The trial court held a hearing to address the effect of the *Horner* decision on this case. It determined that the grounds for reversal no longer existed and reimposed the sentence of two concurrent seven-year prison terms followed by three years of postrelease control.

**{¶ 5}** Dzelajlija appealed. The court of appeals stated:

> [A]lthough this court's prior remand of this matter indicated that the convictions were reversed and the case was remanded for a new trial, the trial court, like this court, continued to be obligated to follow the decisions of superior courts that may supersede that mandate. * * * We therefore recognize that under *Horner*, the trial court properly concluded that the robbery charges herein are not defective.

*State v. Dzelajlija*, 8th Dist. Cuyahoga No. 95851, 2011-Ohio-6445, 2011 WL 6314200, ¶ 24 ("*Dzelajlija III*"). The court nevertheless reversed, finding that an issue remained outstanding: Dzelajlija's argument regarding the manifest weight of the evidence that had earlier been declared moot and had never been resolved. *Id.* at ¶ 25. The court of appeals concluded that because there was an outstanding issue on appeal, the conviction had not become final and, therefore, the sentence should not have been reimposed. Remarking on the confused history of this case,

one of the judges, who dissented in part, was reminded of that immortal Laurel and Hardy phrase "another fine mess." He wasn't wrong.

{¶ 6} Then, in the decision that is before us today, the court of appeals reconsidered its holding. It determined that even though *Horner* had overruled the *Colon* cases, the structural-error analysis from *Colon* was still applicable to this case. *State v. Dzelajlija*, 8th Dist. Cuyahoga No. 95851, 2012-Ohio-913, 2012 WL 759145 ("*Dzelajlija IV*"). Then without much structural-error analysis, the court of appeals concluded:

> The mandate from this court ordered that the matter be remanded to the trial court "for the limited purpose of vacating the convictions." The State did not appeal this decision and it became final. The matter was not reindicted and the matter was no longer a pending case at the time the *Horner* decision was announced. Therefore, we conclude that the trial court erred in considering the matter as pending under the original indictment and in applying *Horner* rather than *Colon* herein. Moreover, because the matter was no longer a pending case, given *Dzelajlija II*'s reversal and remand for vacation of the convictions, we further conclude that the trial court committed reversible error in failing to follow the mandate ordering the convictions vacated.

*Id.* at ¶ 15.

{¶ 7} Accordingly, the court of appeals reversed the judgment and vacated the convictions and the sentences.

{¶ 8} We granted the state's discretionary appeal. 132 Ohio St.3d 1423, 2012-Ohio-2729, 969 N.E.2d 270.

**ANALYSIS**

**{¶ 9}** The sole proposition of law propounded in this case states that "[a]n inferior court may deviate from the mandate of a reviewing court when an intervening decision from a superior court justifies such deviation." We consider this proposition of law to be self-evident, and unfortunately, it is not particularly helpful in providing justice to the parties before us.

**{¶ 10}** In defending the court of appeals' decision, Dzelajlija's argument before this court depends in large part on his claim that the court of appeals issued a mandate in *Dzelajlija II* "for the limited purpose of vacating the convictions." Although the court in *Dzelajlija IV* made the same claim, we have been unable to find any original language or document in the record that states that the mandate was "for the limited purpose of vacating the convictions." Only Dzelajlija and the court of appeals, purportedly quoting itself, have used that language.

**{¶ 11}** Before reconsidering its decision, the court of appeals interpreted *Dzelajlija II* (as noted earlier) as reversing and remanding the case for a new trial. *Dzelajlija III,* 2011-Ohio-6445, ¶ 24 ("this court's prior remand of this matter [in *Dzelajlija II*] indicated that the convictions were reversed and the case was remanded for a new trial"). But there is no such language in *Dzelajlija II.* The convictions were vacated, 2009-Ohio-1072, ¶ 4, and the mandate states only: "Judgment reversed and case remanded to the lower court for further proceedings consistent with this opinion." *Id.* at ¶ 29.

**{¶ 12}** Based on the totality of the record before us, we are persuaded that the judge who concurred in part and dissented in part in *Dzelajlija III* had it right. He concurred in the judgment, which stated that the sentences could not be reimposed, because there was an outstanding issue on appeal. He also stated that the court of appeals should rule on the outstanding issue: whether Dzelajlija's convictions were against the manifest weight of the evidence. *Id.*, 2011-Ohio-6445, ¶ 30 (Rocco, J., concurring in part and dissenting in part).

4

**{¶ 13}** Dzelajlija's convictions were vacated in *Dzelajlija II* based on two cases from this court that we have repudiated. On remand, the trial court resentenced Dzelajlija. The sentence was improper because Dzelajlija's manifest-weight argument had not yet been resolved. Accordingly, we remand this case to the court of appeals with instructions to consider this outstanding issue.

> Judgment reversed
> and cause remanded.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., dissents and would dismiss the appeal as having been improvidently accepted.

_____

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellant.

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney and John T. Martin, Assistant Public Defenders, for appellee.

_____