[Cite as *State v. Segines*, 2013-Ohio-5259.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99789**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICHARD SEGINES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-487410

**BEFORE:** Kilbane, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 27, 2013

**ATTORNEY FOR APPELLANT**

Nancy Schieman
9368 Sunrise Court
Mentor, Ohio 44060


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Mary H. McGrath
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Richard Segines, appeals from the order of the trial court that denied his pro se motion to correct his sentence. Finding no merit to this appeal, we affirm.

{¶2} On October 24, 2006, Segines and codefendants, Sharon Dockery and Harry Briscoe, were indicted on two counts of aggravated murder and two counts of aggravated robbery, in connection with the shooting death of Ali Th Abu Atiq. On May 15, 2007, the jury found Segines guilty of one count of the lesser offense of murder, both counts of aggravated robbery, and the one- and three-year firearm specifications. On May 18, 2007, the trial court sentenced Segines to a term of imprisonment of 15 years to life, plus three years for the weapon on the murder charge, and a consecutive term of ten years for the aggravated robbery convictions.

{¶3} Segines's conviction was affirmed in *State v. Segines*, 8th Dist. Cuyahoga No. 89915, 2008-Ohio-2041 (*"Segines I"*). In 2009, Segines successfully reopened his appeal in order to raise a challenge to the indictments. *See State v. Segines*, 8th Dist. Cuyahoga No. 89915, 2008-Ohio-2041, *reopening allowed,* 2009-Ohio-2698, Motion No. 411845 (June 8, 2009) (*"Segines II"*). The matter was again affirmed. *State v. Segines*, 191 Ohio App.3d 60, 2010-Ohio-5112, 944 N.E.2d 1186 (8th Dist.)(*"Segines III"*).

{¶4} On January 24, 2011, Segines filed a second application for reopening the 2010 appellate judgment. Segines asserted that his counsel was ineffective for failing to

timely file a motion for a separate trial. On March 25, 2011, this court denied the application for reopening. *State v. Segines*, 8th Dist. Cuyahoga No. 89915, 2011-Ohio-1579 (*"Segines IV"*).

{¶5} On February 13, 2013, Segines, pro se, filed a "motion to correct a [facially] illegal sentence." He argued that the trial court failed to merge his convictions, and that this error was jurisdictional and rendered the sentence illegal. In support of his argument, Segines cited to *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, which was decided after his 2007 sentence was issued but before his appeal was reopened in 2009. The trial court denied his motion on March 19, 2013. Segines now appeals, and assigns the following errors for our review:

> The trial court violates clearly established federal law when punishing appellant for the same offenses placing appellant twice in jeopardy.
>
> The trial court violates appellant's right to due process and equal protection under the law when giving disparate treatment on multiple punishments.
>
> The trial court [erred] when denying appellant's motion to correct a facially illegal sentence.

{¶6} In the assigned errors, Segines argues the trial court erred when it failed to merge his convictions as allied offenses, and failed to correct an illegal sentence.

{¶7} As an initial matter, we note that a claim of error regarding the trial court's failure to merge counts for sentencing purposes is nonjurisdictional. *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44. That is, allied offense claims are nonjurisdictional and may be barred through application of the principles of res judicata.

*State v. Ayala*, 10th Dist. Franklin Nos. 12AP-1071 and 12AP-1072, 2013-Ohio-1875; *State v. Townsend*, 8th Dist. Cuyahoga No. 97214, 2012-Ohio-496, ¶ 7-8; *State v. Kelly*, 8th Dist. Cuyahoga No. 97673, 2012-Ohio-2930, ¶ 8.

{¶8} Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Therefore, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶9} Further, claims of error may be barred by res judicata even where there has been a change in the law. *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 1996-Ohio-337, 671 N.E.2d 233. Thus, while the Ohio Supreme Court's 2010 decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, set forth a new, conduct-based analysis for considering whether two offenses are allied offenses subject to merger, a new judicial ruling applies only to cases that are pending on the announcement date of the new ruling, and may not be applied retroactively to a conviction that has become final. *State v. Allbaugh*, 4th Dist. Athens No. 12CA23, 2013-Ohio-2031.

{¶10} In *Allbaugh*, the defendant was sentenced in 2009 on an attempted felonious assault charge and attempted child endangering. Following the release of the Ohio

Supreme Court's opinion in *Johnson*, the defendant argued that the offenses were allied and subject to merger. The court held that because *Johnson* was not decided until after defendant was sentenced, it was not applicable to him. *Id.*, citing *State v. Boyce*, 2d Dist. Clark No. 11CA0095, 2012-Ohio-3713, ¶ 12 (in postconviction proceedings, the court refused to apply *Johnson* retroactively to a conviction that had become final); and *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6 (holding that a new judicial ruling may only be applied to cases pending on the announcement date, and may not be applied retroactively to a conviction that has become final). *Accord State v. Marks*, 8th Dist. Cuyahoga No. 99474, 2013-Ohio-3734, ¶ 3 (a defendant is precluded from raising an allied offense issue in a motion for postconviction relief if the defendant's conviction was a result of a trial or other proceeding that created a developed factual record and the defendant failed to raise the allied offense issue on the direct appeal).

{¶11} In accordance with the foregoing, we note that defendant's conviction was a result of a jury trial that created a developed factual record. The defendant could have raised the allied offense issue on the direct appeal or in the reopening of his direct appeal, but failed to do so. As a result, his claim is barred by res judicata. *State v. Alexander*, 8th Dist. Cuyahoga No. 95995, 2011-Ohio-1380; *State v. Tarver*, 8th Dist. Cuyahoga No. 98768, 2013-Ohio-32.

{¶12} In any event, where the force used to effectuate an aggravated robbery is far in excess of that required to complete the robbery, or where the circumstances suggest that a separate intent to kill existed, the offenses of aggravated robbery and murder do not

merge. *State v. Jackson*, 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 139, citing *State v. Diggle*, 3d Dist. Auglaize No. 2-11-19, 2012-Ohio-1583, *State v. Ruby*, 6th Dist. Sandusky No. S-10-028, 2011-Ohio-4864, ¶ 61, and *State v. Tibbs*, 1st Dist. Hamilton No. C-100378, 2011-Ohio-6716, ¶ 48.

**{¶13}** The assignments of error are therefore without merit.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR